MATTER OF J—D—D—

In DEPORTATION Proceedings

A-10554745

*Decided by Board April 13, 1962*

Misrepresentation—Section 212(a)(19)—Materiality.

Willful misrepresentations as to name, marital status, and existence of minor children held not material in this case: connection between the possible line of inquiry the misrepresentations cut off and respondent's eligibility for admission is so remote, tenuous, and fanciful as not to satisfy the test of materiality. (Compare *Matter of M—R—*, 9—602.)

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of last entry: procured visa by fraud or willfully misrepresenting a material fact.

BEFORE THE BOARD

**DISCUSSION:** On June 2, 1961, the special officer found the respondent to be subject to deportation on the charge set forth above. On appeal, the Board by order dated October 23, 1961, remanded the case to the special inquiry officer for consideration in the light of the Attorney General's ruling in the *Matter of S— and B—C—*, 9—436 (Oct. 2, 1961), and further directed that the decision of the special inquiry officer be certified to the Board. By order dated December 29, 1961, the special inquiry officer again found the charge sustained and granted the respondent the privilege of voluntary departure in lieu of deportation. This decision has been certified to the Board.

The respondent was admitted to the United States at El Paso, Texas, on August 3, 1956, as a nonquota immigrant upon surrendering a nonquota immigrant visa which had been issued to her by the American Consulate at Juarez, Mexico, on August 3, 1956. This visa had been issued on the basis of an application for a visa which she had executed on August 3, 1956, before the American vice-consul, in which the respondent stated in Item 1 that her family name was "J—R—G—"; and replied "None" to Item 3 which called for other names by which she had been known; in Item 18 she

indicated she was single; and in Item 27, which requested the names and residence of spouse and minor child, she stated "I have never been married and have no children. Nunca he sido casada ni tengo hijos." In truth and in fact, respondent at that time had been married to one A—D—S— in Juarez, Mexico, on May 20, 1954, by civil ceremony; and had two children by this marriage, one of whom was born April 7, 1954, and the second of whom was born on March 7, 1955, both in Mexico. The respondent testified that she had been separated from her husband for about 5 years and that since being separated she had not talked with him—but that she had seen him two times from a distance in Juarez, Mexico. The respondent explained that she was separated from her husband at the time she made her application and she stated that she was single on the visa application because she was not asked if she was married but only if she was single. She further explained that she was of the Catholic faith and, as she had married D— only by a civil ceremony, she did not believe that she was actually married to him and for this reason she was not accustomed to using his surname. She testified that she had never denied having children and said that she was never asked, but if she had been asked, she would have admitted that she had the children. The respondent also testified that she did not intend to deliberately lie to the consul in making her visa application.

A sworn statement was taken from the respondent by an immigration officer on February 13, 1961, in which she stated that she answered Item 27 in the way she did because she was separated and thought it would be easier to arrange a visa if she said that she was alone and admitted that she knew that she was not telling the truth when she made the visa application. A birth certificate of the second child shows that the respondent personally appeared to register the birth of the child and stated the child was the second child of her marriage to the father, A—D—. She explained that she registered the child in this way so that he would not be shown as illegitimate.

The special inquiry officer has found not credible the respondent's present testimony that she did not consider herself as married because she was of the Catholic faith and the marriage ceremony was a civil one only, and that she was not accustomed to using the surname "D—" for this reason and that she was single because she was separated from her husband. He puts more credence in her earlier statement that she was never married and had no children because she was separated and thought it would be easier to arrange a visa by showing she was single at which time she knew she was not telling the truth.

The special inquiry officer has found that the respondent made a willful misrepresentation to the American vice-consul regarding

637

her marital status, concealed the fact that she had two children and concealed her married name from the consul, all of which she did for the purpose of facilitating the issuance of the immigrant visa to her. He has concluded that the misrepresentations were material because her action tended to shut off a line of inquiry which was relevant to her eligibility for a visa and which well might have resulted in a determination that the visa should not be issued to her; that the consul would have had an opportunity to make an investigation and that the disposition of the respondent's visa application might well have hinged upon her establishing to the satisfaction of the consul what arrangements she was making for the care and support of her two children.

The test of materiality under section 212(a)(19) of the Immigration and Nationality Act has been formulated by the Attorney General in *Matter of S— and B—C—, supra*, which holds that a misrepresentation made in connection with an application for a visa or other documents or with entry into the United States, is material if either (1) the alien is excludable on the true facts, or (2) the misrepresentation tends to shut off a line of inquiry which is relevant to the alien's eligibility, and which might well have resulted in a proper determination that he be excluded. This test should also be applied to misrepresentations relating to identity. The fact that the 1952 Act provides for exclusion of aliens who "procure" documents by misrepresentation suggests an intent that the misrepresentation must have had at least some tendency to achieve a result which would not have been achieved without it.

The application of the test set forth will turn on the answer to three questions:

*First*, does the record establish that the alien is excludable on the true facts? If it does, then the misrepresentation was material. If it does not, then the second and third questions must be considered.

*Second*, did the misrepresentation tend to shut off a line of inquiry which is relevant to the alien's eligibility? It should be emphasized that a remote, tenuous or fanciful connection between a misrepresentation and a line of inquiry which is relevant to the alien's eligibility is insufficient to satisfy this aspect of the test of materiality.

*Third*, if a relevant line of inquiry has been cut off, might that inquiry have resulted in a proper determination that the alien be excluded? On this aspect of the question the alien bears the burden of persuasion and proof. Having made a willful misrepresentation which tends to cut off a relevant line of investigation, he cannot now try out his eligibility as if nothing had happened.

In the case of B—C— in 9—436 there existed two sets of misrepresentations by the alien: (a) misrepresentations of his and his wife's identity in obtaining agricultural worker's permits in 1952 and 1954, and (b) failure in his 1956 visa application to disclose his prior residence in the United States and use of an alias in connection with those entries in 1952 and 1954. While conceding that the use of a false name in 1952 and 1954 shut off investigation at that time, the Attorney General held there was nothing in the record to indicate that if he had used the true name of himself and his wife the resultant investigation would have revealed a ground of exclusion and held the misrepresentation as to name not material. As to the 1956 misrepresentation the Attorney General stated that in view of his holding as to the 1952 and 1954 misrepresentations, the Board's reasoning that such misrepresentation concealed a ground of exclusion could not stand.

The special inquiry officer has found that the respondent's action in concealing her marital status and the fact that she had two children tended to shut off a line of inquiry which was relevant to her eligibility for a visa; that had the consul been correctly informed by the respondent that she had been married and separated from her husband and that she had two children, the disposition of the respondent's visa application might well have hinged upon her establishing to the satisfaction of the consul what arrangements she was making for the care and support of her two children. However, it has not been shown how such a line of inquiry would be relevant to the alien's eligibility as contrasted to her failure to reveal that she was married but separated, and her failure to disclose her married name which, the special inquiry officer has conceded, would not under section 212(a) of the Act have caused her to be found to be excludable from the United States. Upon full consideration of the nature and circumstances of the misrepresentations, we find that the connection between the misrepresentations and the possible line of inquiry which an investigation might have developed presented so remote, tenuous, or fanciful a connection to her eligibility for admission under the immigration laws as to be insufficient to satisfy the second question as to materiality set forth by the Attorney General in *Matter of S— and B—C—*, *supra*. The appeal will be sustained and the proceedings terminated.

ORDER: It is ordered that the appeal be sustained and the proceedings terminated.